SHERMAN JOHNSON *v.* CALVARY LUNSFORD

(No. 7308)

Submitted January 17, 1933.   Decided January 24, 1933.

*Daugherty & Daugherty,* for appellant.
*A. F. Morris,* for appellee.

HATCHER, JUDGE:

Plaintiff is the owner of land, which is cut off from the public road by land of the defendant. Both tracts were originally owned by a remote common grantor and the defendant concedes that plaintiff is entitled to a way of necessity to the public road. This suit involves the right of plaintiff to use a certain route thereto.

For some thirty years the former owner of plaintiff's land used without interruption a way across defendant's land described by the plaintiff as ''down the lane to the creek and right up the creek, and up into the road right at Mr. Lunsford's house.'' The plaintiff testified: ''I was pulling up there one day, up the creek road, and Calvary Lunsford said, 'Go down across by the house and by the barn,' that he had

made a road down by the barn''; that this conversation occurred some twenty years ago and since then he (plaintiff) had used the way by the barn when he had heavy loads, and had used a short-cut (to the public road) up the creek bank below the barn, when he had an empty wagon or was on horseback. Recently, defendant obstructed the way by the barn, but has never interfered with the way up the creek. The circuit court enjoined defendant from obstructing or interfering with plaintiff's free use of the way by the barn.

The initial use by the former owner of plaintiff's land of the creek route for thirty years without objection, was a practical location of his way of necessity. That way having become fixed, the dominant owner could not thereafter change the location as a matter of right. 10 A. & Ency. Law 429, 430. Plaintiff's use of the disputed route, according to his own testimony, was entirely permissive, so he obtained no right thereto by prescription. 22 A. & E. Ency. Law 1196. His brief contends that the way by the barn ''was granted to him by defendant in consideration of a surrender and abandonment of the former way.'' Unfortunately for the contention, there is no evidence to support it. Plaintiff parted with nothing of value for the use of the later way, and the defendant profited nothing thereby. Defendant's permission was voluntarily given, and no reason appears why it could not be voluntarily withdrawn.

The judgment of the circuit court is accordingly reversed, and the plaintiff's bill dismissed.

*Reversed; bill dismissed.*